# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Barry D. Leiwant
*Interim Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 28, 2024

**BY ECF**
The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

The request is DENIED. Defendant shall appear for the
continuation of his sentencing hearing on April 1, 2024.

Dated: March 28, 2024
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Re:   **United States v. Raul Acosta**
      **23 Cr. 376 (JLR)**

Dear Judge Rochon:

I write in response to the Court's Order dated March 27, 2024, regarding yesterday's sentencing proceeding in the above-captioned case. Dkt. No. 26.

I met with Mr. Acosta at MDC Brooklyn earlier this morning. He was calm and collected. He expressed significant regret for his overreaction and behavior yesterday. I informed Mr. Acosta that the proceeding is not yet over and that it has been scheduled to continue on Tuesday, April 2, 2024, at 12:00 p.m.

I explained to Mr. Acosta that he has a right to be present for the remainder of sentencing, but that he could waive his right to be present. See Fed. R. Crim. P. 43(c)(1)(B) ("A defendant who … had pleaded guilty … waives the right to be present … in a noncapital case, when the defendant is voluntarily absent during sentencing."); United States v. Tureseo, 566 F.3d 77, 83 (2d Cir. 2009) ("To establish waiver, the District Court must conduct a record inquiry to determine whether the defendant's absence was 'knowing and voluntary….'").

Mr. Acosta acknowledged that he understood he has a right to be present. He also clearly stated that he wishes, of his own free will and volition, to waive his continued presence for the remainder of sentencing, as contemplated by Rule 43(c)(1)(B).

I respectfully request that the Court accept Mr. Acosta's waiver of his right to be present on April 2, 2024, and not submit a production order to the United States Marshals Service for his appearance in court that day. To the extent the Court wishes for me to provide more information detailing Mr. Acosta's knowing and voluntary waiver of his right

to be present (in a manner consistent with the attorney-client privilege), I stand ready to do so.

Respectfully Submitted,

Andrew John Dalack, Esq.
Assistant Federal Defender

Cc:     Government Counsel