UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Plaintiff,

-against-

RAUL ACOSTA,

                        Defendant.

Case No. 1:23-cr-00376 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Defendant Raul Acosta ("Mr. Acosta") has filed a motion to vacate the Court's September 2, 2025 Order, *see* Dkt. 37, concerning his federal sentence. Dkt. 42. Having reviewed Mr. Acosta's motion and the government's response, Dkt. 43, the Court DENIES the motion, but writes to clarify the nature of its September 2, 2025 Order.

      On April 2, 2024, the Court sentenced Mr. Acosta to a term of 46 months in prison, without ruling on whether that sentence should run concurrently with or consecutively to a state court sentence that had not yet been imposed. *See United States v. Tisdol*, No. 21-2667, 2023 WL 2441680 (2d Cir. 2023) (summary order) (holding that district court "was well within its discretion to forbear in ruling on how the federal sentence should related to a not-yet-imposed state sentence"). On May 31, 2024, Mr. Acosta was sentenced in the state court proceeding, but the state court, similarly, did not indicate how that sentence should relate to his federal sentence. *See* Dkt. 36 at 4. After completing his state sentence and beginning his federal sentence, Mr. Acosta requested that the Federal Bureau of Prisons ("BOP") credit his federal sentence with the time he had just served for the state sentence. Dkt. 36 at 3. Because this request would effectively render the two sentences concurrent, BOP wrote to this Court on July 31, 2025, to "request[] guidance" on the matter. *Id*. In response, on September 2, 2025, the Court reasoned

that "[a] consecutive sentence is a just and reasonable sentence for [Mr. Acosta's] offense," and concluded that the two sentences should run consecutively. Dkt. 36 at 1.

"[W]hen a federal sentencing court is silent as to whether its sentence should be served consecutively to or concurrently with an anticipated state sentence, the BOP is authorized to make that determination," *Cruz v. Walsh*, 633 F. App'x 794-95 (2d Cir. 2015) (summary order), and the sentencing court cannot later definitively determine how the two sentences should relate. *See United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (explaining that a district court "ha[s] no authority to modify [a defendant]'s sentence, or to order BOP to credit [a defendant]'s sentence with his state time"); *United States v. Fernandez*, No. 06-cr-00484, 2023 WL 8006268, at *5 (S.D.N.Y. Nov. 16, 2023) (explaining that after the district court forbears in determining whether two sentences will run concurrently or consecutively, "the role of the [c]ourt remains only to make a recommendation to the BOP, rather than to decide the issue itself."). However, the sentencing court retains the discretion to "recommend that the BOP retroactively designate the defendant's state facility *nunc pro tunc* as a federal facility and that his federal sentence run concurrently with his state sentence." *United States v. Campbell*, No. 14-cr-00231 (RA), 2024 WL 1521311, at *1 (S.D.N.Y. Apr. 5, 2024) (quoting *Fernandez*, 2023 WL 8006268, at *4)). "While BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling." *Pineyro*, 112 F.3d at 45.

The Court will not vacate its September 2 Order, because that Order functions only as a recommendation to BOP in accordance with the foregoing law. *See Cruz*, 633 F. App'x at 795 (raising no issue where district court's guidance to BOP "unequivocally stated that [defendant]'s sentences should be served consecutively, and [that] it would 'object to a favorable designation by the [BOP] in this case'" (citation omitted)). To the extent that the September 2 Order may be construed as a directive to BOP concerning Mr. Acosta's sentence — inasmuch as it states how

the sentences "shall run," Dkt. 36 at 1, rather than how they "should run" — such a directive would have no legal effect and was not intended to be a definitive determination in that regard, as the Court lacks the authority to modify or otherwise control Mr. Acosta's sentence after imposing it. *Pineyro*, 112 F.3d at 45. Moreover, given that the law permits the Court to make this recommendation, the Court did not deprive Mr. Acosta of his right to be present at sentencing by doing so. *See* Dkt. 42 at 6. Having reviewed Mr. Acosta's arguments in his motion to vacate the September 2 Order, the Court also finds no basis to alter its recommendation to BOP that his federal sentence run consecutively to his state sentence, but underscores that this is a recommendation, not a mandate.

The Court takes no position on whether BOP has accurately calculated Mr. Acosta's release date, *see* Dkt. 42 at 7-8, and the Court's recommendation should have no bearing on Mr. Acosta's efforts to correct any errors in that calculation.

The Government shall promptly provide a copy of this Order to the Bureau of Prisons. The Clerk is respectfully directed to terminate the motions at Dkts. 38 and 42.

Dated: November 10, 2025
      New York, New York

                                      SO ORDERED.

                                      JENNIFER L. ROCHON
                                      United States District Judge